# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Ranji Shaw,                        Case No. 22-CV-0334 (WMW/HB)

            Petitioner,

v.                          **REPORT AND RECOMMENDATION**

State of Minnesota, corporate courts,

            Respondent.

Petitioner Ranji Shaw was very recently convicted in Minnesota state court on one count of unlawfully possessing a firearm or ammunition in violation of Minn. Stat. § 624.713.  *See State of Minnesota v. Shaw*, No. 27-CR-20-22822 (Minn. Dist. Ct.). Shaw now brings a petition for a writ of mandamus attacking the constitutionality of § 624.713 and the legality of the criminal proceedings brought by the State against him, asking this Court to demand that the state courts put an end to the prosecution.

Shaw misconceives both the scope and nature of mandamus.  Federal courts "have no authority to issue such a writ to direct state courts or their judicial officers in the performance of their duties."  *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986) (citation and quotation marks omitted)).  "Federal courts lack the authority to issue a writ of mandamus to state courts under either the federal mandamus statute, 28 U.S.C. § 1361 — which provides for the issuance of a writ of mandamus to *federal* officers and agencies — or, where mandamus is the only relief sought, the All Writs Act, 28 U.S.C. § 1651."  *Chambersel v. Florida*, 816 F. App'x 424, 425-26 (11th Cir. 2020) (per

1

curiam).  The Court cannot order the state courts to invalidate Shaw's conviction or demand that the criminal proceedings be halted through the issuance of a writ of mandamus.  Any request from Shaw that the Court do so must be denied for absence of jurisdiction.

That said, Shaw is a *pro se* litigant whose filings are therefore entitled to a generous interpretation, and the Court is not restricted to interpreting the pleading only by the label Shaw has attached to it.  The usual (and appropriate) procedural vehicle through which to challenge a state-court conviction would be through a petition for a writ of habeas corpus, *see* 28 U.S.C. § 2241(c)(3), and thus Shaw's pleading might be reinterpreted as a habeas petition rather than a mandamus petition.  But such a reinterpretation would be of little benefit to Shaw.  Under 28 U.S.C. § 2254(b), a petitioner held pursuant to a state-court judgment must first exhaust available state remedies for his claims.  This includes a fair presentation of the claims to the state appellate courts.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Shaw has not yet completed the direct appellate process and therefore has not yet fairly presented his claims to the Minnesota Court of Appeals or the Minnesota Supreme Court.  And even if Shaw is not yet subject to § 2254(b) — because, although he has already been convicted, judgment has not yet been entered by the state court — principles of comity generally require that pre-judgment state detainees also fairly present claims attacking the legality of the prosecution to the state courts, including the state appellate courts.  *See Olson v. Washington County*, No. 12-CV-2807 (MJD/AJB), 2013 WL 1871523, at *2 (D. Minn. Jan. 24, 2013).  Thus, even if Shaw's pleading were to be interpreted as a habeas petition,

that petition would be subject to dismissal without prejudice for lack of exhaustion pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

Shaw also seeks monetary relief, again on the grounds that the criminal prosecution and conviction are unlawful. This request is in the nature neither of mandamus nor habeas corpus; instead, such a claim for monetary damages must be presented through an ordinary civil complaint. *See Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014). But reinterpretation of the pleading as a civil complaint would do Shaw little good, either, as any claim for monetary relief premised upon the invalidity of his conviction would be squarely foreclosed by *Heck v. Humphrey*:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. 477, 486-87 (1994) (footnote omitted). The language of *Heck* is limited to claims brought pursuant to § 1983, but it is well-established at this point that *Heck* precludes any civil claim that is necessarily predicated upon the illegality of the

---

[1] Any habeas petition brought by Shaw would be subject to the Rules Governing Section 2254 Cases, even if the petition itself were not governed by § 2254. *See* Rule 1(b).

3

prisoner's conviction or sentence. *See, e.g.*, *Hernandez v. United States*, No. 8:11CV134, 2011 WL 2581193, at \*2 n.1 (D. Neb. June 29, 2011) (collecting cases).

There is no construal of Shaw's pleading that would salvage this case. The Court lacks jurisdiction to grant the mandamus relief sought, and reinterpretation of the mandamus petition as any other type of pleading would be without benefit to Shaw. Accordingly, it is recommended that this matter be dismissed without prejudice. Shaw's motion — which is labeled as a "Writ of Mandamus Motion of Dismissal" but is substantively similar to the petition used to commence this action — may be denied on the same grounds. And finally, Shaw's applications to proceed *in forma pauperis* may be denied should the recommendation of summary dismissal be adopted. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1.  The petition for a writ of mandamus of petitioner Ranji Shaw [ECF No. 1] be DENIED;

2.  Shaw's "Writ of Mandamus Motion of Dismissal" [ECF No. 7] be DENIED;

3.  Shaw's applications to proceed *in forma pauperis* [ECF Nos. 9 & 10] be DENIED; and

4.  This matter be dismissed.

Dated: February 18, 2022                s/*Hildy Bowbeer*_____
                                        HILDY BOWBEER
                                        United States Magistrate Judge

## <u>NOTICE</u>

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).