UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Rajni Shaw, | Case No. 22-cv-0334 (WMW/TNL) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| State of Minnesota, | |
| Defendant. | |

Before the Court is the February 18, 2022 Report and Recommendation (R&R) of United States Magistrate Judge Hildy Bowbeer. (Dkt. 12.)

On January 27, 2022, a jury in Hennepin County District Court, Fourth Judicial District, convicted Plaintiff Rajni Shaw of unlawful possession of a firearm or ammunition, in violation of Minn. Stat. § 624.713. On February 2, 2022, Shaw filed a petition for a writ of mandamus in this Court, seeking damages and requesting that the Court dismiss the state-court charges against him. He subsequently filed a "Writ of Mandamus Motion of Dismissal" and two applications to proceed *in forma pauperis*. The Hennepin County District Court sentenced Shaw to 60 months' imprisonment on March 8, 2022.

In the R&R, the magistrate judge recommends dismissing the action without prejudice. Shaw timely filed a letter to the magistrate judge, which this Court construes as an objection. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that courts must

liberally construe *pro se* filings).  For the reasons addressed below, the Court overrules Shaw's objections, adopts the R&R, and dismisses this action without prejudice.

## ANALYSIS

A district court reviews *de novo* those portions of an R&R to which timely objections are filed.  28 U.S.C § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3).  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  An objection to a R&R must specify the nature of the objection and the grounds for doing so.  *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).  Any objection that merely repeats arguments that were presented to and considered by a magistrate judge is reviewed for clear error.  *Id.*

### I. Shaw's Objections to the R&R

Shaw objects to the R&R's conclusion that the Court does not have jurisdiction over his petition for a writ of mandamus.  Shaw relies on *Ex Parte Young* to support his contention that the Court has jurisdiction over this case.  209 U.S. 123 (1908).  *Ex Parte Young* permits a suit seeking declaratory and injunctive relief against state officers who are sued in their individual capacities.  *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997) (citing *Ex Parte Young*, 209 U.S. at 123).  Here, Shaw sues only the State of Minnesota.  Shaw does not name as a defendant any state officer in his or her individual capacity.  Accordingly, the Court does not have jurisdiction over this action under *Ex Parte Young*.

Moreover, "Congress intended habeas corpus to be the exclusive federal remedy for all who seek to attack state court convictions." *Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir. 1989). Shaw requests a court order dismissing the criminal charges against him. Because a writ of habeas corpus is the exclusive remedy for attacking a state court conviction, the Court does not have jurisdiction to issue a writ of mandamus ordering the state courts to invalidate Shaw's conviction or halt criminal proceedings against Shaw. Accordingly, Shaw's objection to the R&R's conclusion that the Court lacks subject-matter jurisdiction is overruled.[1]

Shaw's remaining objections address the merits of his state-court conviction. Because the Court lacks subject-matter jurisdiction over this action, the Court overrules these objections.

## II.     Clear Error Review

The Court reviews the balance of the R&R for clear error. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam); *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the

---

[1]     As the magistrate judge observed, Shaw's petition would be dismissed even if the Court construed it as a petition for a writ of habeas corpus. A person in state custody must exhaust state-court remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1)(A). In order to do so, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Shaw was sentenced on March 8, 2022. This Court's review of the appellate docket confirms that Shaw has not filed a notice of appeal. Accordingly, Shaw has failed to exhaust state-court remedies. For this reason, Shaw's petition would be dismissed even if the Court construed it as a petition for a writ of habeas corpus.

recommendation."). After careful review of the R&R, the Court finds no clear error and, therefore, adopts the R&R.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Plaintiff Rajni Shaw's objections to the February 18, 2022 R&R, (Dkt. 14), are **OVERRULED**.

2. The February 18, 2022 R&R, (Dkt. 12), is **ADOPTED**.

3. Plaintiff Rajni Shaw's petition for a writ of mandamus, (Dkt. 1), is **DENIED**.

4. Plaintiff Rajni Shaw's writ of mandamus motion of dismissal, (Dkt. 7), is **DENIED**.

5. This action is **DISMISSED WITHOUT PREJUDICE**.

6. Plaintiff Rajni Shaw's applications to proceed *in forma pauperis*, (Dkts. 9, 10), are **DENIED AS MOOT**.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: July 13, 2022                s/Wilhelmina M. Wright
                                    Wilhelmina M. Wright
                                    United States District Judge